## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### Civil Action No. 3:10-cv-00366-MOC-DSC

TAMMY HUGHES BROWN,                              )
                                                 )
    Plaintiff,                               )
                                                 )
v.                                               )
                                                 )
CAMPUS CREST GROUP, LLC,                         )
THE GROVE STUDENT                                )
PROPERTIES, LLC, formerly known                  )
as CAMPUS CREST REAL ESTATE                      )
MANAGEMENT, LLC, CAMPUS                           )
CREST CONSTRUCTION, LLC,                         )
CAMPUS CREST DEVELOPMENT, LLC,                   )
CAMPUS CREST PROPERTIES, LLC,                    )
CAMPUS CREST DISTRIBUTION, LLC,                  )
CAMPUS CREST LEASE, LLC,                         )
CAMPUS CREST AVIATION, LLC,                      )
CAMPUS CREST VENTURES I, LLC,                    )
CAMPUS CREST ASHEVILLE MANAGER, LLC,             )
CAMPUS CREST AT ASHEVILLE, LLC,                  )
MADEIRA GROUP, LLC, MXT CAPITAL, LLC,            )
339 UNION STREET HOUSE, LLC, CAMPUS              )
CREST COMMUNITIES OPERATING                      )
PARTNERSHIP, LP, CAMPUS CREST                    )
COMMUNITIES, GP, LLC, CAMPUS CREST               )
COMMUNITIES LP, LLC, Jointly and                 )
Severally, and all doing business as CAMPUS CREST )
COMMUNITIES, Inc. and MICHAEL S. HARTNETT,)
Individually, and TED W. ROLLINS, Individually,  )
as the Alter-Egos of the Corporate Defendants    )
                                                 )
    Defendants.                              )
_____ )

## PROTECTIVE ORDER REGARDING
## DISCLOSURE OF CONFIDENTIAL INFORMATION

WHEREAS, discovery in the above-captioned action may involve the disclosure of

confidential, trade secret, or other proprietary business or financial information of a party or non-

party, IT IS HEREBY STIPULATED between Plaintiff Tammy Hughes Brown, ("Plaintiff") and Defendants Campus Crest Group, LLC, The Grove Student Properties, LLC, Campus Crest Construction, LLC, Campus Crest Development, LLC, Campus Crest Properties, LLC, Campus Crest Distribution, LLC, Campus Crest Lease, LLC, Campus Crest Aviation, LLC, Campus Crest Ventures I, LLC, Campus Crest Asheville Manager, LLC, Campus Crest at Asheville, LLC, Madeira Group, LLC, MXT Capital, LLC, 339 Union Street House, LLC, Michael S. Hartnett ("Hartnett") and Ted W. Rollins ("Rollins"), ("Defendants"), each represented by and through their respective counsel, as follows:

**Definition of Confidential Information**

1.      "Confidential Information" as used herein shall be defined as, and shall refer to, information, data, and documents the disclosure of which to or by the receiving party would, in the good faith belief of the producing party, result in the disclosure of one of the following categories of information:   (1) proprietary, business, financial, technical, trade secret, or commercially sensitive information; (2) private information that is otherwise protected from disclosure under applicable law; and (3) other confidential research, development, or commercial information as set forth in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.

**Purpose of Protective Order**

2.      This Protective Order shall govern the use and dissemination of all documents, material, or information designated as Confidential Information in accordance with the terms of this Protective Order.

3.      This Protective Order is not intended to address or govern claims of privilege or work product that may otherwise be asserted by any of the parties.  This Protective Order is not intended to address or govern documents, material, or information that are prohibited from disclosure or nondisclosure by law, including without limitation any statute, rule, order, or

regulation. This Protective Order does not restrict in any manner the Designating Party's use of its own Confidential Information.

4.     Nothing contained in this Protective Order, or any action taken pursuant to it, shall waive or impair the right of any party to contest the alleged relevance, admissibility, or discoverability of documents or information sought or produced in discovery. The producing party shall act in good faith in designating discovery material as confidential pursuant to this Protective Order.

**Designation and Treatment of Confidential Information**

5.     Any party to this action may designate as Confidential Information any information, document, or material that meets the definition of "Confidential Information" set forth in Paragraph 1 of this Protective Order.

6.     The designation "Confidential Information" shall be made by affixing on the document or material containing such information the following words: **"PROTECTED - SUBJECT TO PROTECTIVE ORDER."** Any material, document, or information for which it is impracticable to affix such a legend may be designated by written notice to that effect (served within 5 business days of the material's production) with a reasonable description of the material in question.

7.     A party that produces documents in electronic form in native format may insert the phrase **"PROTECTED - SUBJECT TO PROTECTIVE ORDER"** and a bates or hash number into the document. The parties reserve the right to agree to other means to designate Confidential Information produced in electronic form or to ask the Court to permit designation of such documents in another manner.

8.     Neither the designation nor the failure to object thereto shall be construed in any way as an admission or agreement by any party that the designated information constitutes or contains

Confidential Information as to which the Disclosing Party is entitled to any protection or rights under applicable legal principles, except as provided in this Protective Order.

9. All persons having access to Confidential Information shall maintain it in a safe and secure manner to ensure compliance with this Protective Order. This Protective Order applies to all vendors, including without limitation any copy service or document storage companies.

10. Any summary, extract, paraphrase, quotation, restatement, compilation, notes, or copy containing Confidential Information, or any electronic image or database containing Confidential Information, shall be subject to the terms of this Order to the same extent as the material or information from which such summary, extract, paraphrase, quotation, restatement, compilation, notes, copy, electronic image, or database is derived. This paragraph is not entitled to provide confidential treatment to motions, briefs, or other court-filed documents that are based generally on information contained in confidential materials, unless such motions, briefs, or court filings make specific reference to Confidential Information.

11. This Protective Order shall not be construed to protect from production or to permit the Confidential Information designation of any document that (a) the party has not made reasonable efforts to keep confidential, or (b) has been produced in any other action or proceeding without confidentiality protection.

**Limitations on Use of Confidential Information**

12. Confidential Information shall only be used by the parties and their counsel for prosecution and defense of this action, including any appellate proceedings. Confidential Information shall not be used or disseminated in any other case, action, or proceeding unless the parties so consent in writing. Confidential Information shall not be used for any other purpose whatsoever, including without limitation commercial, publicity, business, marketing, competitive, or personal purposes without prior approval by the Designating Party or Order of

the Court. Bates numbers, hash numbers, and confidentiality designations placed on a document by the Designating Party shall not be removed or altered.

**Limitations on Disclosure of Confidential Information**

13.    No Confidential Information may be disclosed except (a) as expressly authorized by this Protective Order or (b) with the prior written consent of the Designating Party.

14.    Access to Confidential Information shall be limited to:

a.    The parties and counsel in this case, including in-house and outside counsel involved in this case, and their legal staff. The parties agree to limit disclosure of Confidential Information to those staff persons necessary to prosecute or defend this action;

b.    Experts, consultants or investigators to whom counsel determine in good faith that disclosure is required to assist in the prosecution, defense or resolution of this action.

c.    Counsel and claims personnel for any company insuring Defendants on any portion of the claims on the policy or policies, if any, involved in this action;

d.    Any actual or proposed deponent or witness;

e.    Vendors involved in copying, organizing, converting, storing, or retrieving Confidential Information;

f.    Persons who prepared, received, or reviewed Confidential Information prior to its production in this case;

g.    Videographers or court reporters retained by the parties or the Court; and

h.    The Court and its personnel, including any mediators and/or Special Masters appointed by the Court, and videographers and court reporters.

15.    Each person who is permitted access to Confidential Information as set forth in paragraph 17 shall first be shown a copy of this Order and shall sign a copy of the "Confidentiality

Acknowledgment," which binds the person to the terms of this Protective Order and which is attached to the Protective Order as "Exhibit A."

## Depositions Involving Confidential Information

16.  Depositions, or portions thereof, may be designated Confidential Information by counsel for the deponent or the Designating Party. Designation of Confidential Information may be made on the record at deposition or in writing no later than 30 days after receipt of the final, unsigned deposition transcript.

17.  Subject to the Federal Rules of Evidence, Confidential Information may be offered as evidence in support of non-dispositive and dispositive motions, as well *as* at trial, subject to any restrictions the Court may order or apply to protect the Confidential Information from unauthorized disclosure.  A Designating Party may move the Court for an order that any evidence designated as Confidential Information shall be received at trial *in camera* or under other conditions necessary to prevent disclosure to third parties.  Nothing in this Protective Order shall be deemed to waive the right of any party to object to the admission into evidence of any information covered by this Protective Order.

## Objections to Designation of Confidential Information

18.  If a dispute arises concerning the designation of any Confidential Information, the parties agree that they shall first take reasonable steps to meet and confer in good faith to resolve any dispute on an informal basis before seeking the Court's intervention.

19.  If the parties cannot informally resolve any dispute regarding whether particular information is properly designated as Confidential Information under this Protective Order, a party may apply to or move the Court for a determination that designated Confidential Information is not entitled to such designation and protection from disclosure.  The Designating Party shall be given notice of the application or motion and a reasonable opportunity to respond.

Designated Confidential Information shall be treated as such by the parties until the Court has determined or ordered otherwise. The burden rests on the Designating Party to demonstrate that the designation is proper.

## Preservation of Confidentiality

20.    Counsel for the parties are responsible for employing reasonable measures, consistent with this Protective Order, to control duplication of, distribution of, or access to Confidential Information.

21.    This Protective Order is not a waiver or relinquishment of a party's confidentiality claim to any designated materials. This Protective Order also shall not abrogate or diminish any privilege or any contractual, statutory, or other legal obligation or right of any party with respect to materials sought or produced in this litigation.

22.    The inadvertent, unintentional or *in camera* disclosure of Confidential Information shall not be deemed a waiver, in whole or in part, of any party's claims of confidentiality. The parties agree to meet and confer in good faith to resolve any disputes as to whether a party has waived their claim of confidentiality. Any dispute over whether the Designating Party has waived their claim of confidentiality shall be resolved in accordance with the procedures set out in paragraphs 25 and 26 (Objections to Designation of Confidential Information) and any applicable case law.

## Non-Termination of Confidentiality

23.    Any information or documents designated as Confidential Information pursuant to the terms of this Protective Order shall continue to be treated as such until (a) the Designating Party expressly agrees in writing that the information, documents, testimony, or materials are no longer to be designated Confidential Information or (b) the Court orders that the information or documents are not protected from disclosure under this order. Upon a Court order that documents or information previously designated as Confidential Information are not confidential

under this Protective Order or the Designating Party's agreement in writing that documents or information previously designated as Confidential Information no longer constitute Confidential Information, the Designating Party shall reproduce the document or information at issue without any confidential designation and with a bates or hash number different from the document or information originally designated as Confidential Information.

24.     The obligations and protections imposed by this Order shall continue beyond the conclusion of this action, including any appellate proceedings, or until the Court orders otherwise.

**Modification of Protective Order**

25.     Any party may petition the Court, on reasonable notice to all other parties, for a modification of the terms of this Protective Order.  The Court shall have continuing jurisdiction to modify, amend, enforce, interpret, or rescind any or all provisions of this Protective Order, notwithstanding the final termination or conclusion of this action.

IT IS SO ORDERED:

Dated: _8 – 16 – 11_

The Hon. David S. Cayer
United States Magistrate Judge

TAMMY HUGHES BROWN,                                      )
                                                        )
     Plaintiff,                 )
                                                        )
v.                                                      )
                                                        )
CAMPUS CREST GROUP, LLC,                                )
THE GROVE STUDENT                                       )
PROPERTIES, LLC, formerly known                         )
as CAMPUS CREST REAL ESTATE                             )
MANAGEMENT, LLC, CAMPUS                                 )
CREST CONSTRUCTION, LLC,                                )
CAMPUS CREST DEVELOPMENT, LLC,                          )
CAMPUS CREST PROPERTIES, LLC,                           )
CAMPUS CREST DISTRIBUTION, LLC,                         )
CAMPUS CREST LEASE, LLC,                                )
CAMPUS CREST AVIATION, LLC,                             )
CAMPUS CREST VENTURES I, LLC,                           )
CAMPUS CREST ASHEVILLE MANAGER, LLC,                    )
CAMPUS CREST AT ASHEVILLE, LLC,                         )
MADEIRA GROUP, LLC, MXT CAPITAL, LLC,                   )
339 UNION STREET HOUSE, LLC, CAMPUS                     )
CREST COMMUNITIES OPERATING                             )
PARTNERSHIP, LP, CAMPUS CREST                           )
COMMUNITIES, GP, LLC, CAMPUS CREST                      )
COMMUNITIES LP, LLC, Jointly and                        )
Severally, and all doing business as CAMPUS CREST       )
COMMUNITIES, Inc. and MICHAEL S. HARTNETT,              )
Individually, and TED W. ROLLINS, Individually,         )
as the Alter-Egos of the Corporate Defendants           )
                                                        )
     Defendants.                )
                                                        )

## EXHIBIT A – CONFIDENTIALITY ACKNOWLEDGEMENT

The undersigned hereby acknowledges and agrees:

1.    I am aware that a Protective Order (the "Order") has been entered in the above-captioned action. I have had the opportunity to read the Order and understand that my willful disclosure of Confidential Information may constitute contempt of court and may be grounds for sanctions and/or penalties, including costs related to enforcement of this Order. I agree to submit to this Court's jurisdiction for purposes of enforcement of the Order.

2.    I will not disclose or discuss any Confidential Information with any person except those persons specifically listed in the Order under the procedures therein specified.

Name: _____    Dated: _____

Address: _____

Telephone No.: _____